# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND, INDIANA

| | |
|---|---|
| MICHAEL JOHNSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 2:23-cv-312 |
| | ) |
| HARD ROCK CASINO NORTHERN | ) |
| INDIANA | ) |
| Defendant, | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

## JURISDICTION

1. This suit is authorized and instituted pursuant to Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 and Americans with Disability Act, 42 U.S.C.A. § 2000e-5.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on June 30, 2023.

## PARTIES

3. Plaintiff is an African American male, over the age of forty, and at all relevant times he resided in the Northern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Northern District of Indiana.

## FACTS

5. Plaintiff's son is disabled.

6. Plaintiff began working for Hard Rock Casino formerly Majestic Star Casino on December 19, 2017 as the Cage Supervisor.

7. Plaintiff performed his job well.

8. On August 15, 2021, Plaintiff applied for the Shift Manager position.

9. At the end of August 2021, Plaintiff informed his manger that he applied for the position.

10. Plaintiff's manager questioned if he was going to be able to do the job because he had a special needs son and stated she didn't know if he could work the hours and didn't want to take Plaintiff away from the responsibilities of taking care of him.

11. Plaintiff never received an interview and the position remained open.

12. On March 29, 2022, Plaintiff was terminated for allegedly trying to organize a strike.

13. However, this is not true.

14. In addition, similarly situated employees who do not have disabled family members, women, Caucasian and younger employees have engaged in conduct of comparable seriousness, however, they have not been terminated.

15. Plaintiff was not promoted due to his association with his disabled son.

16. Plaintiff was terminated due to his race.

17. Plaintiff was terminated due to his gender.

18. Plaintiff was terminated due to his age.

19. Plaintiff was terminated due to his association with his disabled son.

## COUNT I

20. Plaintiff incorporates by reference paragraphs 1-19.

21. Defendant, as a result of terminating Plaintiff due to his age, violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634.

## COUNT II

22. Plaintiff incorporates by reference paragraphs 1-19.

23. Defendant, as a result of terminating Plaintiff due to his disability, violated the Americans with Disability Act, 42 U.S.C.A. § 2000e-5.

## COUNT III

24. Plaintiff incorporates by reference paragraphs 1-19.

25. Defendant, as a result of terminating Plaintiff due to his association with his disabled son, violated the Americans with Disability Act, 42 U.S.C.A. § 2000e-5.

## COUNT IV

26. Plaintiff incorporates by reference paragraphs 1-19.

27. Defendant, as a result of failing to promote Plaintiff due to his association with his disabled son, violated the Americans with Disability Act, 42 U.S.C.A. § 2000e-5.

## COUNT V

28. Plaintiff incorporates by reference paragraphs 1-19.

29. Defendants, as a result of terminating Plaintiff due to his gender, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT VI

30. Plaintiff incorporates by reference paragraphs 1-19.

31. Defendants, as a result of terminating Plaintiff due to his race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT VII

32. Plaintiff incorporates by reference paragraphs 1-19.

33. Defendants, as a result of terminating Plaintiff due to his race, violated Section 1981.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff his cost in this action and reasonable attorney fees;

F. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

Amber K. Boyd 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 960-5070